IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 12-0367 |
| MICHAEL A. SLADE, JR. : | |
| COURTENEY L. KNIGHT : | |

**SURRICK, J.**                                                                                          **JULY  3 , 2013**

## MEMORANDUM

Presently before the Court are Defendant Michael A. Slade, Jr.'s Motion to Inspect Grand Jury Minutes and/or be Provided with Certain Related Documents (ECF No. 69), and Defendant Dr. Courteney L. Knight's Motion to Inspect Jury Minutes and/or be Provided with Certain Related Documents (ECF No. 70). For the following reasons, Defendants' Motions will be denied.

## I. BACKGROUND

On January 22, 2013, a federal grand jury returned a sixty-seven count Superseding Indictment against Dorothy June Brown, Joan Woods Chalker, Michael A. Slade, Jr., Courteney L. Knight, and Anthony Smoot. (Superseding Indictment ("Indictment"), ECF No. 47.)[1] The charges in the Indictment arise out of an alleged scheme orchestrated by Brown to defraud three separate charter schools out of over $6.7 million dollars. The Indictment charges Knight with conspiring to obstruct justice, in violation of 18 U.S.C. § 371 (Count 53), and two counts of obstruction of justice, in violation of 18 U.S.C. § 1519 (Counts 60, 64). (Indictment 46-48, 62,

---

[1] On March 15, 2013, Anthony Smoot entered a plea of guilty to conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 53), and obstruction of justice, in violation of 18 U.S.C. § 1519 (Count 58). (Min. Entry, ECF No. 55.)

66.) Similarly, Slade was charged with conspiring to obstruct justice (Count 53), and two counts of obstruction of justice (Counts 59, 64). (*Id*. at 61, 66.)

The Government alleges that Defendants Knight and Slade conspired with their co-Defendants and with others to obstruct a grand jury investigation conducted by the Federal Bureau of Investigation ("FBI") and Department of Education, Office of Inspector General ("ED/OIG"). (*Id*. at 46-48.) Specifically, it is alleged that Knight and Slade altered, destroyed, and falsified records with the intent to impede, obstruct, and influence the grand jury investigation. (*Id*. at 61-62, 66.) The documents included policy documents, contracts, and board resolutions for the Philadelphia charter schools that were the alleged subjects of Defendants' fraudulent scheme. (*Id*.)

Defendants Knight and Slade filed their respective Motions on March 18, 2013. (Defs.' Mot., ECF Nos. 69, 70; Defs.' Br., ECF Nos. 69, 70.)[2] The Government filed a Response to the Motions on April 22, 2013. (Gov't's Resp., ECF No. 92.) On June 20, 2013, argument was held on these and other pretrial Motions. (Min. Entry, ECF No. 107.)

## II.     DISCUSSION

### A.     The Parties' Contentions

Defendants request permission to inspect or be provided with a copy of certain grand jury materials. Specifically, Defendants request the following documents:

1. Any Order reflecting the beginning or extension of the term of the Grand Jury;

2. All statements of any Assistant United States Attorney reflecting the scope of the investigation;

---

[2] Slade's Motion and Knight's Motion advance the same arguments and are nearly identical. We refer to them collectively as "Defs.' Mot."

3. All statements made to the Grand Jury by the Assistant United States Attorney regarding legal instructions of the charge of conspiracy;

4. All statements made to the Grand Jury by the Assistant United States Attorney regarding legal instructions of the charge of obstruction of justice;

5. All documents submitted to the Grand Jury;

6. All records of disclosure of names of persons receiving information about matters occurring before the Grand Jury (as defined in F.R.Cr.P. 6(e)); and

7. A copy of all testimony, documents, exhibits, and information considered and/or heard by the Grand Jury regarding electronic documents and determination of the author thereto.

(Defs.' Mot. 2-3.) Defendants contend that the requested documents are necessary in order to determine whether they have grounds to file a motion to dismiss the Indictment. (*Id.*) Defendants speculate that the Government failed to provide the grand jury with exculpatory evidence that demonstrated that the computers used by Defendants at the charter schools to create or alter documents were also used by other employees, and that this failure gives rise to a basis to dismiss the Indictment. They argue that since the investigation appears to be complete, the traditional policy of maintaining the secrecy of grand jury materials is no longer served, and is overcome by Defendants' need for these documents. (Defs.' Br. 2-3.) Finally, Defendants contend that the requested material is necessary in order to allow them to prepare their defense to the charges in the Indictment. (*Id.* at 3.)

The Government responds that Defendants' broad request for grand jury materials, which the Government characterizes as a fishing expedition, is based on wholly speculative arguments that are without any legal support. (Gov't's Resp. 1-2.) The Government argues that Defendants' request should be denied because they have failed to make the required

"substantial" showing of necessity under Rule 6(e) of the Federal Rules of Criminal Procedure. (*Id*. at 2.)

## B. Legal Standard

It is a well-settled policy that the proper functioning of the grand jury system requires secrecy of grand jury proceedings. *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997); *see also Giles v. California*, 554 U.S. 353, 371 (2008) ("[T]he standard practice since approximately the 17th century has been to conduct grand jury proceedings in secret."); *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). There are several interests served by maintaining the secrecy of grand jury proceedings:

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

*Smith*, 123 F.3d at 140 (quoting *Douglas Oil*, 441 U.S. at 219).

Rule 6(e) of the Federal Rules of Criminal Procedure is "intended to preserve the tradition of grand jury secrecy, creating a general rule of confidentiality for all matters occurring before the grand jury." *Smith*, 123 F.3d at 148 (internal quotation marks omitted). Nevertheless, Rule 6(e) contains several exceptions to this presumption of secrecy. For example, Rule 6(e)(3)(E)(ii) gives district courts the power to "authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant seeking disclosure of grand jury information under this section must show "a

particularized need for that information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989).

> Because grand jury proceedings are entitled to a strong presumption of regularity, a defendant seeking disclosure of grand jury information under Rule 6(e)(3)(E)(ii) bears the heavy burden of establishing that particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may create a basis for dismissal of the indictment.

*United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008) (internal quotation marks omitted); *see also Douglas Oil*, 441 U.S. at 221 (noting that the showing of necessity for the disclosure of grand jury materials must "be made with particularity so that the secrecy of the proceedings [may] be lifted discretely and limitedly") (internal quotation marks omitted). The district court has discretion to permit the disclosure of grand jury materials after assessing whether the need for disclosure outweighs the general policy of secrecy and confidentiality. *United States v. Mahoney*, 495 F. Supp. 1270, 1272 (E.D. Pa. 1980) (citing *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959)).

### C. Analysis

Defendants' request for disclosure is based primarily on their suspicion that the Government failed to provide the grand jury with exculpatory evidence. Specifically, Defendants accuse the Government of "prosecutorial misbehavior" for alleging that Defendants knowingly altered and falsified documents, and yet failed to reveal to the grand jury that "certain computers at the schools are used and accessed by many employees." (Defs.' Br. 3-4.) It appears that Defendants are suggesting that if the Government had information that certain computers at the charter schools used by Slade and Knight were also used by other employees at the school, this fact somehow constitutes exculpatory evidence, and that the Government's

5

failure to share this information with the grand jury gives rise to a basis for dismissal of the Indictment. (*Id*.)

Defendants' argument reveals a misunderstanding as to the purpose of grand juries. The Supreme Court has described the grand jury's historical role as "accusatory," and not "adjudicatory." *United States v. Williams*, 504 U.S. 36, 51 (1992) ("[T]he grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge."). It is well settled that a defendant under investigation does not have a right to have exculpatory evidence presented to the grand jury. *Id*. at 52. "Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with [the grand jury] system." *Id*. at 55. District courts are not authorized to dismiss indictments on the basis that the Government may have failed to provide exculpatory evidence to the grand jury. *United States v. Minerd*, 299 F. App'x 110, 112 n.1 (3d Cir. 2008); *United States v. Jones*, No. 10-307, 2012 U.S. Dist. LEXIS 3248, at *7-10 (E.D. Pa. Jan. 10, 2012) (declining to dismiss indictment and explaining rationale for rule that the Government is under no obligation to present exculpatory evidence to the grand jury); *United States v. Dynkowski*, 720 F. Supp. 2d 475, 479 (D. Del. 2010) (rejecting motion to dismiss the indictment on grounds that the Government failed to provide exculpatory evidence to the grand jury).

Accordingly, Defendants' assertion that the Government engaged in prosecutorial misconduct for failing to apprise the grand jury of the scope of computer usage at the charter schools is not sufficient to establish a particularized need under Rule 6(e)(3)(E)(ii). The Government's alleged omissions do not constitute a basis for dismissal of the Indictment. *See Minerd*, 299 F. App'x at 111-12 (upholding district court's decision denying the defendant's motion to disclose grand jury transcripts where the defendant's "vague allegation" that the

government committed "fraud before the grand jury" did not constitute a particularized need for disclosure); *United States v. Bishop*, No. 11-38, 2012 U.S. Dist. LEXIS 67009, at *14-15 (M.D. Pa. May 14, 2012) (denying request for grand jury transcripts where the defendant "offer[ed] nothing more than a general assertion that the grand jury transcripts may contain exculpatory evidence"); *United States v. Tucker*, No. 05-440, 2011 U.S. Dist. LEXIS 46003, at *6 (E.D. Pa. Apr. 27, 2011) (denying motion for disclosure of grand jury materials and stating that "[s]uggestions of impropriety and speculation about what the grand jury minutes may reveal are insufficient to establish a particularized need for disclosure").[3]

Even if Defendants had succeeded in showing a particularized need, Defendants nevertheless fail to demonstrate that the request is "structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222. Defendants assert that the categories of documents and information sought are narrowly tailored to the "law and issues regarding authors of electronic documents." (Defs.' Br. 2.) We disagree. The documents and information requested by Defendants include statements made by the United States Attorney about the scope of the investigation, legal instructions given to the grand jury on the law surrounding the obstruction of justice and conspiracy counts, all documents submitted to the grand jury, and all testimony and

---

[3] To the extent that Defendants seek disclosure under subsection (i) of Rule 6(e)(3)(E), their request will also be denied. Rule 6(e)(3)(E)(i) offers another exception to the strict secrecy of grand jury materials, and permits district courts to authorize disclosure "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). In order to obtain access to grand jury materials under this subsection, the defendant "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need to disclose is greater than the need for continued secrecy, and that their request is structured to cover material so needed." *Douglas Oil*, 441 U.S. at 222. Similar to subsection (ii), a defendant seeking disclosure under subsection (i) must show a particularized need for grand jury materials. *McDowell*, 888 F.2d at 289. Since Defendants fail to articulate any particularized need for the requested materials to overcome the policy of secrecy afforded to grand jury proceedings, disclosure is not permissible under Rule 6(e)(3)(E)(i).

documents related to electronic documents.  Not only is Defendants' speculation about the Government's alleged omission of exculpatory evidence insufficient to establish a particularized need, their request fails to be narrowly limited to this stated need.  Grand jury materials may not be disclosed to the defendant "'for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.'"  *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001) (quoting *United States v. Rockwell Int'l Corp.*, 173 F.3d 757, 760 (10th Cir. 1999)).  Nor is the disclosure of the grand jury instructions on the law as it relates to the obstruction of justice and conspiracy counts appropriate in this case.  "The general rule that an indictment will not be the subject of independent scrutiny and is given a presumption of regularity is just as applicable to a challenge of inadequate instructions as inadequate evidence."  *United States v. Hart*, 513 F. Supp. 657, 658 (E.D. Pa. 1981).  Defendants do not identify any portion of the Indictment suggesting that a charge made to the grand jury was erroneous.  Alleging merely a suspicion, Defendants fail to articulate a particularized need for disclosing the grand jury instructions.  *See United States v. Scarfo*, No. 11-740, 2013 U.S. Dist. LEXIS 22639, at *15-16 (D.N.J. Feb. 19, 2013) (denying motion for disclosure of grand jury instructions where the defendant failed to allege a particularized need that outweighed the public interest in secrecy).

Defendants' additional argument that the conclusion of the Government's investigation and return of the Superseding Indictment terminates the need to maintain the confidentiality of the grand jury proceeding does not compel disclosure.  Even though the policy interests in grand jury secrecy are "reduced" when the grand jury has concluded its investigation, they are not "eliminated."  *Smith*, 123 F.3d at 148.  Completed grand jury proceedings including records associated with such proceedings are "presumptively secret."  *Id.* at 148 n.11; *see also Douglas*

*Oil*, 441 U.S. at 222 (noting that the showing of necessity required for disclosure "must be made even when the grand jury whose transcripts are sought has concluded its operations" due to the "effects of disclosure . . . upon the functioning of future grand juries"). As noted above, Defendants have failed to advance a particularized need for disclosure of the requested materials, and thus, it is of no consequence that the grand jury's obligations have concluded.

Finally, Defendants' argument that the requested materials are necessary to prepare their defense is not a proper basis to overcome the presumption of secrecy afforded to grand jury materials. Requests for grand jury materials based on a need to defend against the indictment are generally denied as failing to meet the particularized need requirement of Rule 6(e). *See, e.g.*, *United States v. Ortiz*, No. 10-188, 2012 U.S. Dist. LEXIS 83638, at *11 (W.D.N.Y. June 15, 2012) (denying motion for disclosure of grand jury materials since the defendant "has not demonstrated a particularized need" by generally claiming that "disclosure is necessary to prepare a defense"); *United States v. Hill*, No. 10-191, 2012 U.S. Dist. LEXIS 47949, at *29-30 (W.D.N.Y. Apr. 4, 2012) (concluding that the defendant's stated need for disclosure of grand jury materials, i.e., to prepare for his defense, was insufficient); *United States v. Reliford*, No. 11-20158, 2011 U.S. Dist. LEXIS 57602, at *3-4 (E.D. Mich. May 31, 2011) (finding that defendant failed to make the requisite showing to obtain grand jury transcripts where the defendant merely asserted that without the transcripts, "the defense cannot adequately prepare a defense and cross-examine"). By merely asserting that disclosure is needed in order to properly prepare a defense, Defendants have failed to show a particularized need sufficient to overcome the presumption of secrecy afforded to grand jury materials.

Defendants have not met their heavy burden under Rule 6(e). Accordingly, we reject Defendants' requests to compel disclosure of grand jury materials.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Inspect Jury Minutes and/or be Provided with Certain Related Documents will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**