IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 12-0367 |
| MICHAEL A. SLADE, JR. | : | |
| COURTENEY L. KNIGHT | : | |

SURRICK, J.                                                                                      AUGUST  23 , 2013

## MEMORANDUM

Presently before the Court is Defendant Courteney L. Knight's Motion to Sever (ECF No. 64), and Defendant Michael A. Slade's Motion to Sever (ECF No. 66.) For the following reasons, Defendants' Motions will be denied.

## I.    BACKGROUND[1]

On January 22, 2013, a federal grand jury returned a sixty-seven count Superseding Indictment against Dorothy June Brown, Joan Woods Chalker, Michael A. Slade, Jr., Courteney L. Knight, and Anthony Smoot. (Superseding Indictment ("Indictment"), ECF No. 47.)[2] These

---

[1] In addressing Defendants' Motions, we accept as true the factual allegations set forth in the Indictment. *See United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001) (noting that "[t]he propriety of joinder 'is to be determined before trial by examining the allegations contained in the indictment'") (citation omitted); *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) ("The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." (citing *Schaffer v. United States*, 362 U.S. 511, 513 (1960))); *see also United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (noting that inquiry into propriety of joinder of offenses "focuses on the face of the indictment" (citing *United States v. Irizarry*, 341 F.3d 273, 287 (3d Cir. 2003))).

[2] On March 15, 2013, Anthony Smoot entered a guilty plea to conspiracy to obstruct justice, in violation of 18 U.S.C. § 371 (Count 53), and obstruction of justice, in violation of 18 U.S.C. § 1519 and § 2 (Count 58). (Min. Entry, ECF No. 55.) His sentencing is scheduled for December 3, 2013. (Notice of Hearing, ECF No. 103.)

charges arise out of an alleged scheme perpetrated by Brown to defraud three separate charter schools out of over $6.7 million.

The first fifty-two counts of the Indictment charge Defendants Brown and Chalker with wire fraud in connection with the scheme to defraud the charter schools. All Defendants are charged in Count 53 with conspiracy to obstruct justice, in violation of 18 U.S.C. § 371. In addition, Brown is named as a co-Defendant in ten substantive counts of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2) (Counts 61-62) and 18 U.S.C. § 1519 (Counts 54-59, 63, 65), and one count of witness tampering, in violation of 18 U.S.C § 1512(b)(3) (Count 67). Chalker is named as a co-Defendant in seven substantive counts of obstruction of justice, in violation of 18 U.S.C § 1512(c)(2) (Counts 61-62) and 18 U.S.C. § 1519 (Counts 55-57, 65-66).

In addition to the conspiracy charge, Slade is charged with two substantive counts of obstruction of justice, in violation of 18 U.S.C. § 1519 (Counts 59, 64). Knight is also charged with two counts of obstruction of justice, in violation of 18 U.S.C. § 1519 (Counts 60, 64.) The obstruction attributed to both Knight and Slade concerns the falsification of certain school records in order to impede the federal investigation of the charter schools.

On March 18, 2013, Knight and Slade each filed a Motion to Sever. (Knight's Mot., ECF No. 64; Slade's Mot. ECF No. 66.)[3] The Government submitted a response to these Motions on March 22, 2013. (Gov't's Resp., ECF No. 90.) Argument was held on these Motions on June 20, 2013. (Min. Entry, ECF No. 106.)

---

[3] Defendants' Motions are practically identical. Accordingly, we will address their Motions together. Hereinafter, the term "Defendants" shall refer to Michael A. Slade and Courteney L. Knight.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 8

"Federal Rule of Criminal Procedure 8 governs joinder of offenses and joinder of defendants." *Irizarry*, 341 F.3d at 287. Rule 8 provides in relevant part:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

The Third Circuit has determined that Rule 8(a) "'applies only to prosecutions involving a single defendant' and that in a multi-defendant case . . . 'the tests for joinder of counts and defendants is merged in Rule 8(b).'" *Irizarry*, 341 F.3d at 287 (quoting *United States v. Somers*, 496 F.2d 723, 729 n.8 (3d Cir.1974)). Rule 8(b) is "less permissive" than Rule (8)(a). *United States v. Eufrasio*, 935 F.2d 553, 570 (3d Cir. 1991); *see also United States v. Jimenez*, 513 F.3d 62, 82 (3d Cir. 2008) (noting that "joinder of defendants under Rule 8(b) is a stricter standard than joinder of counts against a single defendant under Rule 8(a)"). We analyze Defendants' joinder challenges under the less permissive Rule 8(b) standard.

In construing Rule 8(b), the Third Circuit has followed the Supreme Court in recognizing the "fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *United States v. Urban*, 404 F.3d 754, 775 (3d Cir. 2005) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (alteration in

original)). This is particularly true in cases in which defendants have been charged with engaging in a conspiracy. The Third Circuit has stated that Rule 8(b)

> permits joinder of defendants charged with participating in the same . . . conspiracy, even when different defendants are charged with different acts, so long as indictments indicate all the acts charged against each joined defendant (even separately charged substantive counts) are charged as . . . acts undertaken in furtherance of, or in association with, a commonly charged . . . conspiracy.

*See Eufrasio*, 935 F.2d at 567 (citing *United States v. Dickens*, 695 F.2d 765, 778-79 (3d Cir. 1982)). "[J]oinder . . . of a conspiracy count and substantive counts arising out of the conspiracy [is permitted], since the claim of conspiracy provides a common link, and demonstrates the existence of a common scheme or plan." *Id.* (quoting *Somers*, 496 F.2d at 729-30 (internal quotation marks omitted). Indeed, the Third Circuit has recognized that co-conspirators should "ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *United States v. Ward*, 793 F.3d 551, 556 (3d Cir. 1986).

### B. Federal Rule of Civil Procedure 14

Even if joinder is proper under Rule 8(b), a district court may order a severance under Rule 14 if the potential prejudice to a defendant outweighs the expense and time of separate trials that essentially retry the same issue. *See Zafiro*, 506 U.S. at 539; *see also United States v. Joshua*, 976 F.2d 844, 847 (3d Cir. 1992) ("Severance decisions under Rule 14 require the district court to weigh the potential for prejudice to the defendant from joinder against the conservation of judicial resources that joinder will occasion."). Rule 14 states, in relevant part:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials or because the evidence is different as to each defendant. *Eufrasio*, 935 F.2d at 568. A severance under Rule 14 should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. To prevail on a Rule 14 motion, a defendant has a "heavy burden," *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir. 1994), and must "'pinpoint clear and substantial prejudice resulting in an unfair trial.'" *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (quoting *United States v. McGlory*, 968 F.2d 309, 340 (3d Cir. 1992)).

The question of prejudice hinges on "whether the jury will be able to 'compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" *United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (quoting *Somers*, 496 F.2d at 730). Where additional charges against a single defendant are "relatively straightforward and discrete," we do "not doubt that the jury reasonably [can] [be] expected to compartmentalize the evidence . . . ." *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005).

"The decision to sever a trial is left to the sound discretion of the District Court." *United States v. Ginyard*, 65 F. App'x 837, 838 (3d Cir. 2003) (citing *Zafiro*, 506 U.S. at 538-39 ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")); *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) ("Motions for severance rest in the sound discretion of the trial judge, whose determination should not be disturbed in the absence of an abuse of discretion.")); *United States v. Albowitz*, 380 F. Supp. 553, 555 (E.D. Pa. 1974) (stating same).

## III. DISCUSSION

Defendants each request a trial separate from the trial of their co-Defendants.[4] They claim that prejudice will result from a joint trial based on (1) the possible "spillover effect" of evidence with respect to charges unrelated to Defendants, (2) the possibility of antagonistic or irreconcilable defenses, and (3) the potential infringement of Defendants' right to a speedy trial.

### A. Spillover Effect

Defendants assert that the spillover of evidence related to their co-Defendants' charges, will result in prejudice. Both Defendants are charged in three of the sixty-seven counts of the Indictment—one count of conspiracy to obstruct justice, and two counts of obstruction of justice. Neither Defendant is charged in any of the fifty-two counts of wire fraud. In addition, Defendants argue that the evidence with respect to Count 67, which charges Brown with witness tampering, will pollute the entire trial. Finally, Defendants argue that the quantum of evidence against the other Defendants will clearly dwarf that presented against Knight and Slade, thus necessitating severance.

The fact that other Defendants are charged with separate, additional offenses—wire fraud, and witness tampering—is not a sufficient ground for severance. The Third Circuit decision in the case of *United States v. Lore* is particularly instructive on this point. In *Lore*, the court upheld the district court's denial of severance, stating that "[w]e see no reason why, in a joint trial of defendants charged with participating in a conspiracy, the fact that the grand jury charged one defendant separately with an additional criminal act somehow would interfere with the petite jury's ability to consider the evidence against each defendant on each count separately." 430 F.3d at 205 (citing *United States v. Sandini*, 888 F.2d 300, 307 (3d Cir. 1989)).

---

[4] Slade requests severance from the trial of Defendants Brown and Chalker, while Knight requests severance from all of his co-Defendants. (Slade's Mot. 1; Knight's Mot. 9.)

The court noted that the evidence related to the additional charge underlying the defendants' claim of prejudice was "relatively straightforward and discrete, not involving overly technical or scientific issues." *Id.*

Here, the witness tampering and wire fraud charges are relatively straightforward and certainly involve no technical or scientific issues. The witness tampering count relates to a single incident where Brown allegedly asked an individual to lie to law enforcement officials with respect to the alleged wire fraud. While the allegations of wire fraud may be lengthy, they do not involve overly complex or technical issues.

Moreover, the Third Circuit has long recognized that "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant or some evidence adduced is more damaging to one defendant than others." *United State v. Console*, 13 F.3d 641, 655 (3d Cir. 1993) (internal quotation marks and citation omitted). The jury will be instructed to consider the evidence separately as to each defendant and each count. We presume that the jurors will be capable of following these instructions. *Zafiro,* 506 U.S. at 540 ("[J]uries are presumed to follow their instructions."). Defendants have failed to provide any reason why a jury could not reasonably be expected to compartmentalize the evidence as it relates to the additional wire fraud and witness tampering charges.

In any event, some evidence of the wire fraud charges would be admissible against the Defendants in a separate trial as it offers the proper framework for the conspiracy charge. In the case of *United States v. Palma-Ruedas*, the Third Circuit upheld the district court's denial of severance in a case where the defendants were indicted for kidnapping, conspiracy to kidnap, and conspiracy to distribute drugs. 121 F.3d 841, 854 (3d Cir. 1997), *rev'd on other grounds United States v. Rodriguez-Moreno,* 526 U.S. 275 (1999). The defendants charged only with kidnapping

7

requested severance from those charged with conspiracy to distribute drugs. *Id.* at 853. In affirming the district court's decision, the Third Circuit noted that the evidence of the drug distribution would have been admissible even in separate trials as it provided the motive for the kidnapping charges. *Id.* at 854; *see also Eufrasio*, 935 F.2d at 569 (upholding district court's denial of severance, concluding that evidence of a murder conspiracy would have been admissible against a defendant charged with RICO conspiracy as it "prove[d] the nature, history and means of the enterprise charged against each appellant.")

Here, the Government maintains that the primary purpose of the obstructive activity was to conceal the various acts of wire fraud. (Gov't's Resp. 7; *see also* Count 53 ¶ 4 ("Defendants . . . altered records and fabricated a large number of documents to make it falsely appear as if the boards of trustees of the Brown School Entities has taken actions in accordance with their respective by-laws on various matters, including on entering into contracts, on making loans to other entities, and on authorizing various expenditures.").) Since some of the evidence admissible to prove the wire fraud allegations would be admissible to prove the conspiracy charge, we see no reason to sever the trial on the basis that two Defendants are additionally charged with wire fraud.

Defendants further claim that the evidence may vary significantly between Defendants in terms of quality and quantity. (Knight's Mem. 6; Slade's Mem. 5.) They argue that they are hardly mentioned in the Indictment, as they are charged with only two substantive counts of obstruction, and played a limited role in the alleged conspiracy. (*Id*.) It is firmly established that severance is not warranted merely because more evidence is adduced against one defendant than the others. *See Eufrasio*, 935 F.2d at 568 ("Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable

8

defendants to severance."); *Heilman*, 377 F. App'x at 200 (rejecting the defendant's argument that the jury would be unable to compartmentalize the evidence presented, despite the fact that the defendant was charged in only one count of a twelve count indictment, and was only mentioned in five of the forty-two overt acts). Moreover, while Defendants may have had a lesser role in the conspiracy, the Third Circuit has recognized that "[p]articipants in a single conspiracy should ordinarily be tried together for purposes of judicial efficiency and consistency, even if the evidence against one is more damaging than that against another." *Ward*, 793 F.2d at 556; *United States v. Thornton*, 1 F.3d 149, 153 (3d Cir. 1993) ("[J]oinder would not be improper merely because a defendant did not participate in every act alleged in furtherance of the overarching conspiracy."); *Console*, 13 F.3d at 655 ("The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy."). In addition, "where defendants are charged as members of the same conspiracy, acts committed by one in furtherance of the conspiracy would be admissible against others, even in a separate trial." *See Heilman,* 377 F. App'x at 200 (citing *United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001)). Here, the same evidence would be presented at Defendants' separate trials since they are all charged with the same conspiracy to obstruct justice. Defendants have failed to show that the disparity in evidence that may be presented at trial constitutes "clear and substantial prejudice" that would require severance.

    **B.    Antagonistic Defenses**

Defendants also argue that there is a risk that Defendants will present antagonistic or mutually irreconcilable defenses at trial. Mutually antagonistic defenses exist when "acquittal of one codefendant would necessarily call for the conviction of the other." *United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996). In considering whether mutually antagonistic defenses exist

9

so that severance may be necessary, "the court must ascertain whether the jury could reasonably construct a sequence of events that accommodates the essence of all [the defendants'] defenses." *Id*. (internal quotation marks omitted). Courts rarely have found the existence of mutually antagonistic defenses. *Id*. Rather, courts are more inclined to conclude that while defenses may be in conflict with one another, they "are not so irreconcilable that the jury could not have been able to assess the guilt or innocence of the defendants on an individual and independent basis." *Id*. at 1095 (internal quotation marks omitted). Even if the defendant establishes the existence of mutually antagonistic defenses severance is not considered mandatory. *Id*.

Defendants fail to specify how their defenses will be mutually antagonistic to the defenses of co-Defendants. Rather, they merely provide the conclusory assertion that there are different levels of culpability among the Defendants, and that certain acts and omissions were done at the behest of other Defendants creating the risk that each defense counsel will have to distance themselves from the other defendants and "employ trial strategies that the Government could not." (Slade's Mem. 8; Knight's Mem. 8.)

The fact that some of Defendants acted on the orders of their co-Defendants does not necessitate a severance. Indeed, the Third Circuit has recognized that "finger pointing and blame-shifting among coconspirators do not support a finding of mutually antagonistic defenses." *Voigt*, 89 F.3d at 1095. In addition, different levels of culpability among defendants does not warrant severance. *United States v. Solomon*, No. 05-385, 2007 WL 1228029, at *6-7 (W.D. Pa. Apr. 25, 2007) (holding that severance was not mandatory in case where defendants claimed different degrees of culpability where any potential prejudice could be cured by appropriately tailored jury instructions). As we have previously stated, the mere fact that there are disparate levels of evidence or more damaging evidence adduced against one defendant than

others does not entitle seemingly less culpable defendants to severance. *Eufrasio*, 935 F.2d at 568. In any event, limiting instructions will remedy any potential prejudice that may result from the presentation of antagonistic defenses. *See Voigt*, 89 F.3d at 1096 (concluding that limiting instructions "were sufficient to cure any potential prejudice from antagonistic defenses."). Defendants have failed to identify clear and substantial prejudice resulting from the presentation of mutually antagonistic defenses.

    **C.    Speedy Trial**

Finally, Defendants' argue that failure to sever the trial will compromise their statutory and constitutional right to a speedy trial. Trial in this matter is currently scheduled for October 21, 2013. Defendants argue that co-counsel for Defendant Brown, Gregory Miller, Esquire, is involved in a criminal case in the District of New Jersey with trial scheduled to begin in September 2013. As that case is likely to take six months or more to try, Brown's co-counsel may be unavailable for the scheduled start of the trial in this case. If the trial is continued to accommodate a member of Brown's trial team, Defendants argue they will be denied their statutory and constitutional right to a speedy trial. Defendants' argument is without merit. Initially we note that William McSwain, Esquire, counsel for Defendant Brown has advised the Court that there will be no request for a continuance from Brown.

In any event, the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. The Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.*, was enacted to give effect to the right to speedy trial by "setting specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Lattany*, 982 F.2d 866, 870-871 (3d Cir. 1992). The Act mandates that a defendant who has pled not guilty must be brought to trial within seventy days of

the indictment or information, or "the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C § 3161(c)(1). However, the Act recognizes certain justifiable delays, and permits these delays to be excluded from the seventy day period. *Id*. § 3161(h).

Section 3161(h)(6) allows for "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The Third Circuit has recognized that the legislative history of this provision "illustrates a strong congressional preference for joint trials and an intention that delays resulting from the joinder of codefendants be liberally construed." *United States v. Novak*, 715 F.2d 810, 815 (3d Cir. 1983), *abrogated on other grounds by United States v. Felton*, 811 F.2d 190 (3d Cir. 1987). Congress acknowledged that the purpose of this provision was to ensure that the rules of severance were not altered, and that the Government was not forced to prosecute the defendants separately or be subject to a speedy trial dismissal motion under 18 U.S.C. § 3162. S. Rep. No. 93-1021, 93d Cong., 1st Sess. 38 (1974). As part of the liberal construction of excludable delays, the Third Circuit has held that "after defendants are joined for trial, an exclusion applicable to one defendant applies to all codefendants." *United States v. Erby*, 419 F. App'x 176, 179 (3d Cir. 2011) (quoting *Novak*, 715 F.2d at 815).

In this instance, the exclusion that is potentially applicable to Brown is the "ends-of-justice continuance" provided by § 3161(h)(7). Section 3161(h)(7) excludes any delay

> resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

12

18 U.S.C § 3161(h)(7)(A). In granting a continuance under this provision the court must consider "whether the failure to grant such a continuance . . . would unreasonably deny the defendant or the Government continuity of counsel . . . ." *Id.* § 3161(h)(7)(B)(iv).

As noted above, counsel for Defendant Brown will not be requesting a continuance. If for some reason this Court were compelled to grant a continuance there is little doubt that such delay would be excludable under § 3161(h)(7)(A). *See United States v. Fogarty*, 692 F.2d 542, 546 (8th Cir. 1982) (concluding that the trial conflict of a codefendant's counsel necessitated a continuance to assure the "continuity of counsel" and thus any delay from the continuance was excludable under § 3161(h) as to all defendants); *United States v. Hardimon*, No. 07-47, 2008 WL 141511, at *3 (N.D. Ind. Jan. 11, 2008) (same). Such an excludable delay would be applicable to both Slade and Knight and thus would not violate their statutory right to a speedy trial. The slight prejudice attributable to any prospective delay is outweighed by the strong public interest in judicial economy of conducting joint trials. *See United States v. Tripp*, No. 11-86-05, 2012 WL 947238, at *3 (E.D. Pa. Mar. 20, 2012) (denying defendant's motion for severance because codefendants' motions for continuance were applicable to the defendant and thus the delay did not violate the defendant's right to speedy trial); *United States v. Lockwood*, No. 11-85, 2012 WL 6204194, at *3 (W.D.N.Y. Dec. 12, 2012) (denying defendant's severance motion where codefendants' counsel were unavailable until later date and court granted continuance to ensure continuity of counsel). Accordingly, we are satisfied that Defendants have not pointed to clear and substantial prejudice necessitating severance.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Sever must be denied.

An appropriate Order follows.

                                **BY THE COURT:**

                                _____

                                **R. BARCLAY SURRICK, J.**